IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **United States of America** | ) |
| | ) Case Number: 25-3403 |
| Plaintiff-Appellee, | ) |
| vs. | ) Originating Case No.: 1:24-cr-00248-1 |
| | ) |
| **Phillip Hurt** | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

---

## RESPONSE OPPOSING MOTION TO DISMISS

Appellant Phillip Hurt ("Hurt"), through counsel, files this Response Opposing the United States of America's ("Government") Motion to Dismiss based on Hurt's waiver of appellate rights and states as follows:

## ARGUMENT

### HURT'S APPELLATE WAIVER IS NOT UNLIMITED OR ALL ENCOMPASSING.

The Government's premise for its request to dismiss the subject appeal is that "except for limited circumstances not applicable here, [Hurt's] waiver was 'unlimited in its scope.' " Govt. Mot. to Dismiss at 16, Doc. No. 73. Regardless of

1

Hurt's appellate waiver—or any appellate waiver for that matter in a criminal case—certain issues are never waived. Lack of subject matter jurisdiction, for example, "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002). Subject matter jurisdiction is not at issue in the instant case, but whether Hurt's plea was knowingly, voluntarily, and intelligently entered is at issue. Just like subject matter jurisdiction, whether a plea was knowingly, voluntarily, and intelligently entered can never be waived—for good reasons. "A guilty plea, which acts as a waiver of several constitutional rights, is not valid unless entered into intelligently and voluntarily." *United States v. Cunningham*, No. 93-3795, 1994 U.S. App. LEXIS 13497, at *10 (6th Cir. June 2, 1994) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709 (1969). Furthermore, "ineffective assistance of counsel claims that relate to the voluntariness of a plea are not waived or forfeited" regardless of the waiver in the instant case. *Hoffman v. Winn*, No. 17-13670, 2021 U.S. Dist. LEXIS 153579, at *6 (E.D. Mich. Aug. 16, 2021).

Here, "[t]his case raises the issue of whether Hurt was denied his right to effective assistance of counsel at the plea stage, which calls into question whether his plea was knowing, voluntary, and intelligent." Brief of Appellant at 10, Doc. No. 68. Hurt's appellate waiver does not—and cannot regardless of the contents of said waiver—bar the claim that Hurt now raises in this Court.

**The subject appellate waiver explicitly permits Hurt to raise issues regarding ineffective assistance of counsel on appeal.**

Not only could Hurt's appellate waiver not bar the assignment of error that Hurt raises, but it explicitly permits it. "Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement, R. 30, Page ID # 100.

**The Government has materially breached the plea agreement by attempting to bar Hurt from exercising his appellate rights explicitly enumerated in the plea agreement; this Court should set aside the plea agreement based on the Government's breach of the agreement.**

"After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim, P. 11(e). Since the instant case is on direct appeal, this Court may set aside Hurt's plea agreement.

The Government has jumped the gun regarding the subject motion before this Court. Hurt's argument is not frivolous and is explicitly *permitted* by the plea agreement. The issue raised by Hurt should now be before this Court on the merits. By filing a motion in this Court to prevent Hurt from taking an action that the plea agreement explicitly permits him to do, the Government has breached the plea agreement. "A plea agreement, however, is contractual in nature and governed by standards of contract law." *Bennett v. U.S. Parole Comm'n*, 852 F.2d 568 (6th Cir.

1988). The government is bound by the terms of its agreement and must perform its promise in good faith." *United States v. Clay*, No. 95-6310, 1996 U.S. App. LEXIS 33985, at *6 (6th Cir. Dec. 23, 1996).

Furthermore, this breach is a material and direct attack on Hurt's appellate rights directly enumerated in the plea agreement entered into to by the Government. A material breach of a contract warrants recission. "There may be a rescission if there is a failure to perform a substantial part of the contract or one of its essential terms." *Reed & Prince Mfg. Co. v. Lear, Inc.*, 78 F. Supp. 394, 402 (W.D. Mich. 1948). "[R]ecission of a contract is more than a termination, it annuls the contract and restores the parties to the relative positions they would have been in if no contract had ever been formed." *Heidtman Steel Prods., Inc. v. Compuware Corp.*, 3:97CV7389, 2000 U.S. Dist. LEXIS 19458, at *3 (N.D. Ohio Nov. 13, 2000). "A party is in material breach of contract when it violates a term essential to the purpose of the contract. A material breach by one party excuses the other party from performing its remaining obligations under the agreement. *Id*. Mere nominal, trifling, slight or technical departures from the contract terms are not material breaches so long as they occur in good faith." *United States Postal Serv. v. Spodek*, No. 3:11-CV-1878, 2012 U.S. Dist. LEXIS 94135, at *18 (N.D. Ohio June 20, 2012).

Hurt does not allege bad faith, but instead, a complete departure by the Government from the essential terms of the agreement that Hurt agreed to when he entered his plea. This departure and the Government's subject motion demonstrates that the parties did not enter into the plea agreement having reached a meeting of the minds regarding the essential issue of the appellate waiver contained within the plea agreement. As such, there never was an agreement between the parties at all regarding this issue.

Given the Government's motion, it is evident that both parties agree that the appellate waiver contained was essential to the purpose of the plea agreement. However, the waiver explicitly permits Hurt to take certain actions on appeal— specifically to address ineffective assistance of counsel. The Government's attempt to prevent Hurt from exercising this essential term of the agreement is a material breach of the agreement based a clear misunderstanding between the parties of what the agreement permits Hurt to do. This demonstrates that there was not a "meeting of the minds" regarding this essential issue of the appellate waiver contained within the plea agreement. As a result, the parties could not have entered into an agreement regarding this issue because there never was an agreement regarding this issue. Hurt respectfully requests that this Court set aside his plea because of a material breach of said plea by the Government in the instant case. The Government's motion

demonstrates that the parties never reached an agreement regarding this essential issue.

## <u>CONCLUSION</u>

Hurt has raised an issue on appeal that can never be waived and that is explicitly permitted by the plea agreement. The Government has materially breached the plea agreement by attempting to prevent Hurt from taking an action that was an essential part of the plea agreement. If the parties did not agree on this critical and essential portion of the plea agreement, there was no agreement whatsoever between the parties in the first place. As a result, Hurt respectfully requests that this Court deny the Government's motion before rescinding his plea agreement pursuant to Fed. R. Crim. P. 11(e) and placing the parties in the same position that they were in prior to the plea.

Dated: May 21, 2026

Respectfully submitted,

Joseph Sobecki
405 Madison Avenue, Suite 910
Toledo, Ohio 43604
Office: (419) 283-9282
Facsimile: (419) 242-9937
Email: joseph@josephsobecki.com
*Attorney for Appellant, Phillip Hurt*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing (CM/ECF) on May 21, 2026, on all counsel or parties of record on the service list below.

_____
Joseph Sobecki

# SERVICE LIST

**United States of America**
c/o Assistant United States Attorney Colleen Egan
801 Superior Avenue, W
Cleveland, Ohio 44113
Telephone: (216) 622-3758
Facsimile: (216) 522-7499
Email: colleen.egan@usdoj.gov
*Attorney for Appellee, United States of America*